UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Criminal Action No. 3:17-cr-00170-CHB-LLK-3

ERIC R. ESTEY                                                                   MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                         RESPONDENT/PLAINTIFF

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

This matter is before the Court on Movant's pro-se motion and amended motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255 [Doc. 613, 617], to which the United States responded in opposition [Doc. 622], Movant replied [Doc. 627], and the United States filed a sur-reply [Doc. 632].[1] The Court referred the matter to the undersigned Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions of law, and recommendations on any dispositive matter." [Doc. 619].

In his amended motion, Movant makes eight claims. In his original motion, Movant makes a single claim, which corresponds to one aspect of Claim 5 of his amended motion. Because all eight claims are without merit and/or waived by pleading guilty, the RECOMMENDATION will be that the Court DENY Movant's motion and amended motion [Doc. 613, 617].

**Claims 1, 2, 3, 6, 7, and 8 are without merit.**

This Court convicted Movant of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 and 846. [Doc. 514]. Movant's first two claims are that neither the prosecutor nor this Court had jurisdiction over that crime. In his own words, Movant's claims are as follows:

    1. Lack of subject matter jurisdiction

---

[1] Movant's original motion [Doc. 613] takes the form of a letter to "Dear Honorable" [Doc. 599], which the Court subsequently construed [Doc. 612] as a timely Section 2255 motion [Doc. 613].

1

>The U.S. Government had no jurisdiction to prosecute Mr. Estey. Mr. Estey did not violate any federal law within U.S. territory or other U.S. property belonging to the United States. The U.S. Government shows no evidence that this crime was committed within its jurisdiction, nor does it show any powers granted to them by the U.S. Constitution to usurp that authority from the states' jurisdiction without Due Process.
>
>2. Illegal search and seizure
>
>U.S. Government illegally gathered evidence and utilized this illegally obtained evidence to prosecute Mr. Estey. This investigation also utilized illegal tactics to obtain such evidence such as warrants signed by officials of the court that had no jurisdiction within the jurisdiction Mr. Estey was prosecuted.

[Doc. 617]. In his reply, Movant clarifies that his claim is that the United States failed to prove a nexus between the crime and interstate commerce. [Doc. 627].

>In *United States v. Hohn*, the Sixth Circuit considered and rejected a similar claim:
>
>In his brief, Hohn also asserts that 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846 are unconstitutional as applied to him because there is no evidence that the marijuana, cocaine, or LSD allegedly sold by him had any effect on interstate commerce. This argument is without merit. *See United States v. Tucker*, 90 F.3d 1135, 1140–41 (6th Cir.1996); *United States v. Collier*, 246 Fed.Appx. 321, 336-38 (6th Cir. 2007) (addressing Commerce Clause attack on 21 U.S.C. § 841(a)(1) and noting that section 841(a)(1) "addresses a clearly commercial activity that has long been within federal power to regulate" (quoting *Tucker*, 90 F.3d at 1140)); *United States v. Genao*, 79 F.3d 1333, 1336 (2d Cir.1996) (holding that section 846 does not violate the Commerce Clause and noting that "[b]ecause narcotics trafficking represents a type of activity that Congress reasonably found substantially affected interstate commerce, the actual effect that each drug conspiracy has on interstate commerce is constitutionally irrelevant.").

*United States v. Hohn*, 293 F. App'x 395, 399 (6th Cir. 2008). Movant's first and second claims are without merit for these same reasons.[2]

Movant's third, seventh, and eighth claims are without merit because they are based on Movant's unsupported assertion that the drug amounts claimed by federal investigators and prosecutors lacked an

---

[2] In its sur-reply, the United States identifies additional caselaw, which is compatible with *Hohn*. [Doc. 632 at PageID.3632].

evidentiary basis and were fabricated "ipse dixit"[3] for purposes of achieving a certain result under the United States Sentencing Guidelines (U.S.S.G.). In his own words, Movant's claims are as follows:

> 3. Investigatory powers malfeasance
>
> U.S. Government knowingly presented evidence not founded on clear and convincing standards. U.S. Government knowingly fabricated amounts of money for fabricated purposes (ipse dixit). U.S. Government knowingly fabricated drug amounts for purposes of Sentencing Guidelines as opposed to alleged factual drug amounts for prosecuting purposes alone.
>
> 7. That Mr. Estey's offense level was raised due to unethical practices by the investigators and the U.S. Government by seeking to utilize false and misleading information for purposes of enhancing Mr. Estey's offense level. Therefore, abusing the "good faith" it has before the court and arguing fabricated information with an "ipse dixit" expectation before the court.
>
> 8. That the U.S. Government conspired to deceive Mr. Estey and the court by promising him via his attorney that the drug amount "would be argued in court." But then not providing a stipulation in the plea agreement nor honoring its promise to Mr. Estey by making the court aware.

[Doc. 617].

Movant's sixth claim is without merit because it is based on Movant's unsupported assertion that exculpatory evidence existed, which would have shown that he was not guilty of the drug offense to which he pled guilty. In his own words, Movant's claim is as follows:

> 6. denial of discovery
>
> The U.S. Government did violate Mr. Estey's rights by not allowing him to receive or view evidence that would have allowed him to prepare a proper defense and that his attorney did not demand this to help Mr. Estey in this endeavor to defend his innocence. Therefore, denying Mr. Estey of rights within the Constitution and Federal Rules of Criminal Procedure.

[Doc. 617].

### Claims 1, 2, 3, 6, 7, and 8 are waived.

On November 18, 2019, Movant entered into a written Plea Agreement with the United States. [Doc. 307]. In exchange for pleading guilty, Movant agreed to the following factual basis:

---

[3] According to Black's Law Dictionary, "ipse dixit" is a Latin phrase meaning "He himself said it," indicating a "bare assertion resting on the authority of an individual."

> Between October 12, up to and including November 30, 2017, in the Western District of Kentucky, Eric R. Estey, knowingly and intentionally conspired with others to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

*Id.* Movant agreed that he "understands that the charge to which he will plead guilty carries a minimum term of imprisonment of 10 years." *Id.* The United States agreed that:

> At the time of sentencing, the United States and the Defendant, Mr. Estey, will … agree that a sentence of 180 months' imprisonment is the appropriate disposition of this case [and] … agree to a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by [U.S.S.G.] § 3E1.1(a) and (b).

*Id.*

On November 18, 2019, the same day he entered the written Plea Agreement, Movant pled guilty. [Doc. 564].

On October 29, 2020, the Court sentenced Movant to 180 months of prison pursuant to the terms of the written Plea Agreement. [Doc. 530 at PageID.2842]. In arriving at this sentence, the Court found that Movant's criminal history category was 2 and his total offense level was 35, resulting in a Guidelines sentencing range of 188 to 235 months. *Id.* at 2822. The Court found that an 8-month variance below the low end of the Guidelines range was warranted. *Id.* at 2841.

In summary, as a result of entering into the Plea Agreement with the United States, Movant received credit, for purposes of Guidelines calculations, for "acceptance of responsibility" and received an 8-month departure below the Guidelines range.

In exchange for these benefits, Movant made certain concessions to the United States in paragraph 13 of the Plea Agreement, including waiver of right to make certain claims (other than ineffective assistance of counsel and prosecutorial misconduct) pursuant to 28 U.S.C. § 2255:

> 13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed.

R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

[Doc. 307].

At the change of plea proceeding, the Court warned Movant about the effect of the above waiver:

*The prosecutor:*  Paragraph 13 outlines the standard appellate waiver utilized by the United States in these matters, meaning that the defendant agreed to give up his right to appeal or collaterally attack both his sentence and conviction in this case except for the limited circumstances of, one, ineffective assistance of counsel or, two, alleged prosecutorial misconduct.  Otherwise, Mr. Estey is agreeing to waive his appellate and collateral rights in this matter.

…

*The Court:*  Okay.  One thing I always point out -- it's pretty standard in these agreements, but in paragraph 13 you have waived your -- certain rights to appeal.  Do you understand that?

*The Movant:*  Yes, ma'am.

*The Court:*  Okay. [Defense counsel], have you gone over that with your client and do you believe that he understands that?

*Defense counsel:*  I have and I believe Mr. Estey understands those rights that he has given up per this agreement.

[Doc. 564].

Plea-agreement waivers of right to present certain types of claims pursuant to 28 U.S.C. § 2255 are "generally enforceable," so long as the defendant / Section 2255 movant entered "into the waiver agreement knowingly, intelligently, and voluntarily."  *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001).  In this case, the record reflects that Movant entered into the Plea Agreement, including Paragraph 13, knowingly and voluntarily.  The record further reflects that Movant entered into the Plea Agreement intelligently because, as outlined above, as a result of the Plea Agreement, Movant received credit, for purposes of Guidelines calculations, for "acceptance of responsibility" and received an 8-month departure below the Guidelines range.  Therefore, Movant's Claims 1, 2, 3, 6, 7, and 8 are waived.

**Claim 4 is without merit and waived.**

Movant's fourth claim is prosecutorial misconduct. In his own words, Movant's claim is as follows:

4. prosecutorial misconduct

Prosecutor knowingly received evidence from and sought after evidence they knew to be fabricated for purposes to illegally prosecute, detain and send for harsher Sentencing Guidelines against Mr. Estey. Prosecutor knowingly provided information to a grand jury for indictment without a grand jury array provided to Mr. Estey. Prosecutor did not provide an examining trial. The prosecutor violated separation of powers by holding the grand jury records. The prosecutor did not receive a delegation of authority to convene a grand jury. No quorum exists on record (the docket sheet) as required by Fed. R. Crim. P. 6. No evidence exists on the record (the docket sheet) that the indictment was presented in "open court" (judge, prosecutor, defendant, and transcriber). Prosecutor knowingly failed to add stipulations into plea agreement as promised nor took opportunity to make court aware of the promise made to Mr. Estey in reference to questionable drug amounts. Prosecutor knowingly used questionable and fabricated drug amounts to ensure that the court's "hands would be tied" in fairly sentencing Mr. Estey.

[Doc. 617].

To the extent the above claim is based on Movant's unsupported assertion that the drug amounts claimed by federal prosecutors lacked an evidentiary basis and were fabricated "ipse dixit" for purposes of achieving a certain result under the U.S.S.G., the claim is without merit. *See* above discussion of Claims 3, 7, and 8.

Removing these meritless parts, Claim 4 reduces to the following:

Prosecutor knowingly provided information to a grand jury for indictment without a grand jury array provided to Mr. Estey. Prosecutor did not provide an examining trial. The prosecutor violated separation of powers by holding the grand jury records. The prosecutor did not receive a delegation of authority to convene a grand jury. No quorum exists on record (the docket sheet) as required by Fed. R. Crim. P. 6. No evidence exists on the record (the docket sheet) that the indictment was presented in "open court" (judge, prosecutor, defendant, and transcriber).

[Doc. 617].

These claims concerning the grand jury procedures are waived for the same reasons stated by the Sixth Circuit in *United States v. Forney*:

By pleading guilty, [a Section 2255 movant] waive[s] any antecedent non-jurisdictional defects in his conviction, including those involving the grand jury. *See Tollett v. Henderson*, 411 U.S. 258,

> 266-67 (1973); *Flowers v. United States*, No. 98-1600, 2000 WL 125851, at *4 (6th Cir. Jan. 24, 2000). Federal Rule of Criminal Procedure 12(b) makes clear that defects in the grand jury proceedings are distinct from jurisdictional defects. *See Flowers*, 2000 WL 125851, at *4. Rule 12(b) permits a litigant to assert that a court lacks jurisdiction "at any time while the case is pending," but it requires a litigant to challenge an error in a grand jury proceeding by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(2), (b)(3)(A)(v); *see Flowers*, 2000 WL 125851, at *4.

*United States v. Forney*, No. 20-1925, 2021 WL 7627521, at *1 (6th Cir. Dec. 14, 2021).

**Claim 5 is without merit.**

Movant's fifth and final claim is ineffective assistance of trial counsel. In his own words, Movant's claim is as follows:

> 5. ineffective assistance of counsel
>
> Mr. Estey's attorney knowingly failed to object to and/or suppress evidence such as but not limited to fabricated cash amounts, fabricated drug amounts, etc.
>
> Mr. Estey's attorney knowingly failed to argue for the "safety valve" statute as Mr. Estey pleaded with him to do.
>
> Mr. Estey's attorney knowingly failed to prepare a true defense as priority but rather sought to "make a deal."

[Doc. 617].

To be constitutionally ineffective in violation of the Sixth Amendment right to counsel, defense counsel must have performed deficiently, and the deficient performance must have been prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

To the extent Movant's ineffectiveness claims are based on Movant's unsupported assertion that the drug amounts claimed by federal investigators and prosecutors lacked an evidentiary basis and were fabricated "ipse dixit" for purposes of achieving a certain result under the U.S.S.G. (and defense counsel did not object), the claim is without merit. *See* above discussion of Claims 3, 7, and 8.

To the extent Movant's ineffectiveness claims are based on Movant's allegation that counsel did not move to suppress evidence, the claim lacks a factual basis. Movant's co-defendant, Dontay L. Rice,

7

filed a motion to suppress, which the Court denied. [Doc. 114, 230]. Movant's counsel filed a motion to join the motion to suppress, which the Court granted. [Doc. 133, 136].

Removing these meritless parts, Claim 5 reduces to the following:

> Mr. Estey's attorney knowingly failed to argue for the "safety valve" statute as Mr. Estey pleaded with him to do.
>
> Mr. Estey's attorney knowingly failed to prepare a true defense as priority but rather sought to "make a deal."

[Doc. 617].

Movant's claim that counsel was ineffective for making a "deal" as opposed to presenting a "true defense" is without merit because Movant provides no indication that he had a valid defense.

### Movant's "safety valve" argument is without merit.

Movant's remaining claim is that his counsel was ineffective for not pursuing "safety valve" sentencing. As indicated at the outset of this Report, Movant made this claim in his original Section 2255 motion. [Doc. 613].

Prior to the First Step Act of 2018, the Safety Valve statute, 18 U.S.C. § 3553(f) (2017), stated as follows:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) ... the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that –
>
>> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>>
>> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon ... in connection with the offense;
>>
>> (3) the offense did not result in death or serious bodily injury to any person;
>>
>> (4) the defendant was not an organizer, leader, manager, or supervisor of the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, ...; and

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense....

18 U.S.C. § 3553(f) (2017).  The U.S.S.G. also provides for a two-level reduction in a defendant's offense level if these same factors are met.  U.S.S.G. §§ 2D1.1(b)(18), 5C1.2.

The First Step Act of 2018 amended subsection (1) of the Safety Valve statute, 18 U.S.C. § 3553(f)(1), to state:

> (1) the defendant does not have --
>
> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
> (B) **a prior 3-point offense, as determined under the sentencing guidelines**; and
>
> (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1) (emphasis added).

Movant's "safety valve" argument is without merit for two reasons.

First, as indicated above, the result of a determination that a defendant is eligible for a "safety valve" sentence is that the "court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... without regard to any statutory minimum sentence."  18 U.S.C. § 3553(f) (2017).  In this case, Movant's Guidelines range was 188 to 235 months, this Court imposed a sentence of 180 months, and the statutory minimum sentence was 120 months (10 years) [Doc. 307; Doc. 482 at PageID.2448].  This case did not provide an occasion, or satisfy the threshold requirements, for a "safety valve" sentence.  In its sur-reply, the United States persuasively argues that a "mandatory minimum was not the basis for the Court's ultimate sentence."  [Doc. 632 at PageID.3635].

Second, Movant's criminal history includes a 3-point prior offense as a result of the disposition in Case No. 04-CR-939-1 in Jefferson Circuit Court.  *See* Final Presentence Investigation Report, Doc. 482 at PageID 2441.  Therefore, Movant was not eligible for "safety valve" sentencing, and counsel was not ineffective for not pursuing the matter.

### Movant's reliance on *United States v. Lopez* is unpersuasive.

In his original Section 2255 motion and in his reply [Doc. 613, 627], Movant attempts to cite what appears to be the Ninth Circuit case of *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021) in support of his "safety valve" claim.[4]  *Lopez* interpreted the most recent version of 18 U.S.C. § 3553(f)(1) (after the First Step Act of 2018) as meaning that a "defendant must meet the criteria in subsections (A) … (B) … **and** (C) … to be barred from safety-valve relief."  *Id.* at 437.

Movant's reliance on *Lopez* is unpersuasive for the same reasons stated in *United States v. Brown*, No. 3:21-CR-007, 2022 WL 529227 (E.D. Tenn. Feb. 22, 2022):

> In a decision issued three days prior to *Lopez*, the Eleventh Circuit Court of Appeals reached the opposite conclusion [reached in *Lopez*].  *United States v. Garcon*, 997 F.3d 1301 (11th Cir. 2021). The *Garcon* panel concluded that § 3553(f)(1)'s "and" should receive a disjunctive reading. … This Court's research finds that the district courts outside of the Ninth Circuit which have considered this issue have each reached the same result as *Garcon*.

*Id.* at *3 (collecting authorities).[5]

### The Court should decline to issue a certificate of appealability.

The final question is whether Movant is entitled to a certificate of appealability (COA).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the applicant must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Where the district court has denied the petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must

---

[4] The motion cites "*U.S. v. Lopez* 19-50305" [Doc. 613], and the reply cites "*Lopez v. United States* 30503 (9th Cir.)" [Doc. 627 at PageID.3569].

[5] In its sur-reply, the United States acknowledges that the Sixth Circuit has not weighed in on the issue.  [Doc. 632 at PageID.3633-34].  The interpretive consensus of the Fifth and Seventh Circuits, however, is that the em-dash ("—") in 18 U.S.C. § 3553(f)(1), which occurs before the negative prefatory phrase ("the defendant does not have"), distributes the phrase to each subsection.  *Id.* citing *United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022).

10

demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and … would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has not demonstrated that reasonable jurists would disagree that his eight claims are without merit and/or waived by pleading guilty. Therefore, the Court should decline to issue a COA.

## RECOMMENDATION

Because Movant's eight claims are without merit and/or waived by pleading guilty, the Magistrate Judge RECOMMENDS that the Court DENY Movant's motion and amended motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255 [Doc. 613, 617] and that the Court DELINE to issue a certificate of appealability.

November 17, 2022

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b) and Fed. R. Crim. P. 59(b)(2), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

November 17, 2022

Lanny King, Magistrate Judge
United States District Court